IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| STEVEN LEMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 322-169 |
| | ) |
| BRIAN CHAMBERS; ANTOINE CALDWELL; MS. BRAGGS; MISS FRANKLIN; DR. AEYEDN; and MISS CLIETT, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff again requests the Court appoint him counsel, arguing he has mental health issues, the Department of Veterans Affairs gave him a fiduciary to control his money, the Douglas County Superior Court assigned him a Guardian ad Litem in his state court case, the law library's books are old, and when using the law library, he is under surveillance. (Doc. no. 15.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues). The existence of exceptional circumstances is determined by consideration of:

> (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

Watkins v. Broward Sheriff's Office, 771 F. App'x 902, 906 (11th Cir. 2019) (*per curiam*) (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) and Smith, 713 F.3d at 1065 n.11).

Here, Plaintiff again fails to show exceptional circumstances exist to justify appointment of counsel.  Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).  Plaintiff has not shown his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  As previously explained, Plaintiff has shown an ability to communicate with the Court and submitted a factually-detailed complaint and numerous other motions, (see e.g., doc. nos. 1, 2, 4, 6, 13-16).  Furthermore, Plaintiff's allegations that he has mental health issues, received a fiduciary, or was appointed a Guardian ad Litem in state court does not entitle him to counsel here.  DeJesus v. Lewis, 14 F.4th 1182, 1991, 1205-06 (11th Cir. 2021) (upholding the denial of appointment of counsel because Plaintiff's longstanding history of mental illness was not considered an exceptional circumstance under Ulmer).

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration of appointment of counsel.  (Doc. no. 15.)

SO ORDERED this 27th day of December, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA