IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| STEVEN LEMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-169 |
| | ) | |
| BRIAN CHAMBERS; ANTOINE CALDWELL; MS. BRAGGS; MISS FRANKLIN; DR. AEYEDN; and MISS CLIETT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a motion for preliminary injunction, (doc. no. 6-1), order to show cause, (doc. no. 6-2), and a temporary restraining order, (doc. no. 6-3). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

In his five-page filing, Plaintiff first seeks an order enjoining Defendants from harassing him and engaging in the "illegal hinderance and malicious spoilation of evidence" against him. (Doc. no. 6, p. 2.) Plaintiff further requests he not be punished or retaliated against for bringing this case and that he be allowed protective custody, medical care, nutritious meals, and phone-calls when requested. (Id.) Lastly, Plaintiff requests his motion be served upon Defendants. (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood

of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements.  First, Plaintiff has not shown a likelihood of success on the merits because he vaguely alleges a campaign of harassment against him without any supporting details.  Second, Plaintiff's generalized allegations fail to establish a substantial threat that he will suffer irreparable injury if the injunction is not granted.  Plaintiff fails to address the last two prongs, and there is no basis for finding the threatened injury to him outweighs the damage the proposed injunction may cause the opposing party, and whether, if issued, the injunction would be adverse to the public interest.

For these reasons, Plaintiff has failed to satisfy the required elements for obtaining the injunctive relief he seeks, and the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.  (Doc. nos. 6-1, 6-2, 6-3.)

SO REPORTED and RECOMMENDED this 3rd day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA