IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| STEVEN LEMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 322-169 |
| ) | |
| BRIAN CHAMBERS; ANTOINE ) | |
| CALDWELL; MS. BRAGGS; MISS ) | |
| FRANKLIN; DR. AEYEDN; and MISS ) | |
| CLIETT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      SCREENING THE AMENDED COMPLAINT**

    **A.      BACKGROUND**

In his original complaint, Plaintiff names as Defendants: (1) Antoine Caldwell, (2) Ms. Braggs, (3) Miss Franklin, (4) Dr. Aeyedn, (5) Miss Cliett, and (6) Brian Chambers. (Doc. no. 1, pp. 1, 4.) In his amended complaint, Plaintiff names as Defendants: (1) Antoine Caldwell, (2) Ms. Braggs, (3) Miss Cliett, and (4) Brian Chambers. (Doc. no. 28, pp. 2-3.) Taking all

of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges a campaign of harassment at Johnson State Prison ("JSP") stemming from his charges of selling children into sexual servitude, which angers inmates and staff. (Id. at 5.) At JSP, Plaintiff has repeatedly requested protective custody because of the nature of his charges but has been continually denied by Defendants Caldwell and Chambers. (Id. at 5, 12.) Defendant Caldwell told Plaintiff there was no bed space. (Id.)

Plaintiff was attacked one night in 2019 but did not see who attacked him. (Id.) In March 2021, Plaintiff woke up to an inmate attacking him. (Id. at 12-13.) Plaintiff received broken bones to his hand, face, nose, and eyes. (Id. at 8.) In November 2021, Plaintiff was kicked in the face by an inmate while the inmate screamed, "Chester," which is a nickname for a child molester. (Id. at 12.) On June 10, 2022, Plaintiff asked for protective custody and it was denied. (Id. at 13.) Both Defendants Caldwell and Chambers knew of Plaintiff's protective custody requests. (Id.) If Plaintiff was in protective custody, the attacks would not have happened. (Id. at 12-13.)

In June 2022, Defendant Bragg allowed an inmate who worked for her to go into the hole at J-Dorm. (Id. at 13.) This inmate "had issues" with Plaintiff but was still allowed to handle his paperwork. (Id.) One day, when Plaintiff asked Defendant Bragg if he could open the door, the inmate slammed the door on Plaintiff's fingers. (Id.) The medical unit did not see him. (Id.)

Also in June 2022, Plaintiff's toilet did not properly work until it was fixed in December 2022. (Id.) Plaintiff and his roommate lived and slept only two feet away from fecal matter. (Id.) Plaintiff would continually get sick and file grievances. (Id.) Plaintiff would have to go onto the compound and risk his life to find a working toilet. (Id. at 14.)

In September 2022, Plaintiff and his cellmate were sent to an outdoor holding cell so their cell could be repainted. (Id.) Plaintiff told Defendant Cliett that he could not be exposed to heat for a long time because of his medications. (Id.) Plaintiff was there for seven hours and received a sunburn with blisters. (Id.) Plaintiff filed a medical request concerning the sunburn, but it was never processed. (Id.)

Plaintiff requests compensatory and punitive damages. (Id. at 5.)

B.     DISCUSSION

1.     **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Franklin and Aeyedn

Plaintiff fails to state a claim against Defendants Franklin and Aeyedn. Plaintiff names Defendants Franklin and Aeyedn in his original complaint, (see generally doc. no. 1), but does not mention these Defendants anywhere in his amended complaint. (See generally doc. no. 28.) Therefore, Plaintiff, does not connect these Defendants with any purported constitutional violation. Dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendants Franklin and Aeyedn should be dismissed.

### 3. Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendant Cliett

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (per curiam). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical

malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Here, Plaintiff alleges he told Defendant Cliett that medications prevented him from being outside for a prolonged period and thus, because he was outside for seven hours, he received sunburn with blisters. (Doc. no. 12, p. 13.) However, Plaintiff does not describe or allege any specific facts to suggest Defendant Cliett personally rendered or failed to render required medical treatment. (See generally id.) Keeping Plaintiff outside for a few hours so that he received sunburn is, at most, negligence and does not rise to the level of deliberate indifference. For these reasons, Plaintiff fails to state a claim against Defendant Cliett.

### 4. Plaintiff Does Not State a Claim Based on Supervisory Liability against Defendant Bragg

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal

6

quotations omitted). Therefore, to hold defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff alleges his grievances were continually ignored, denied, or lost after they were sent to her department. (See generally doc. no. 28.) Plaintiff attempts to argue that the inmate working in the grievance department with Defendant Bragg was responsible for causing the grievances to disappear. However, nowhere does Plaintiff allege Defendant Bragg participated in such events. The mere failure to respond to a complaint letter or grievance is insufficient to establish liability. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because record failed to show they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with plaintiff's wishes concerning information in grievance and letter).

Plaintiff also alleges this same inmate slammed a cell door on his hand, but nothing in the complaint suggests Defendant Bragg had any involvement or even that the event was anything more than an accident.

Plaintiff must also allege a causal connection between Defendant Bragg and the asserted constitutional violations but fails to do so. See Zatler v. Wainwright, 802 F.2d 397,

7

401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not alleged a history of relevant widespread abuse or a relevant and improper custom or policy as to the grievance procedures. Plaintiff also does not infer Defendant Bragg directed the inmate to act unlawfully or knew he would act unlawfully. Indeed, the amended complaint is a rambling litany of minor criticisms by Plaintiff concerning his accommodations at the prison, none of which are sufficient to show his conditions fall below Constitutional standards.

In sum, Plaintiff has not shown Defendant Bragg participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted based on Defendant Bragg's supervisory position.

### 5. Plaintiff Fails To State a Valid Failure to Protect Claim Against Defendants Caldwell and Chambers

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations

9

omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff alleges the child offense for which he is serving time placed him at higher risk for physical abuse by inmates and prison staff, and Defendants should have placed him in protective custody because of this heightened, yet generalized risk of harm. As explained above, however, Defendants knew of no specific threat of harm to Plaintiff or any reason to suggest Plaintiff faced a substantial risk of serious and imminent harm. See Reid v. Polk, 2018 WL 1426428, at *3 (M.D. Fl. Mar. 22, 2018). Thus, Plaintiff fails to state a claim against Defendants Caldwell and Chambers.

### 6. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Defendants Chambers and Bragg in their individual and official capacities. (Doc. no. 28, pp. 2-3.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against these Defendants for monetary relief fail as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA